And Mr. Hillis will bring you back again for the United States v. Bell. May it please the court. Again, my name is Daniel Hillis. I'm with the Federal Public Defender's Office. I represent Mr. Bell on this appeal. And he asked this court to vacate his sentence. May I have a moment, your honor? Of course. Thank you. You come up with more than one case usually. It's understandable that you might bring the wrong set of papers to the podium. I try as a minimum to have the right materials in front of me. Before I begin, your honors, thank you for the extra moment. So Mr. Bell raises three sentencing issues in this case. And the first is with respect to our contention that the judge must correctly calculate the guidelines, which include a guideline calculation not for the sentence of imprisonment, but also for the period of supervised release. And the government says that this position is foreclosed by the court's Seventh Circuit's decision in United obvious tension with Gall and Rita. And those cases say that a district court should begin all sentencing proceedings by correctly calculating the guideline range. Mind you, the guideline range, they do not say just the term of imprisonment. And that's what the government would say is all that is required under Gall and under Rita. And this court's jurisprudence in Oliver, Anderson, any of the cases that the government cites, cannot be squared with the fundamental obligation that is to begin all sentencing proceedings with the correct guideline calculation. So we know that this court is bound to follow binding, it must follow binding Supreme Court precedent. We cited the Kihas case on that, as well as Israel. One's a Supreme Court decision, one's a Seventh Circuit decision. We think that it's very clear on this. And it may not be the way that things have been done, but it also doesn't require much effort to do it. How hard is it for the sentencing judge to simply make the calculation? It's there in the PSR, it takes a few moments, and then it's locked down. And instead, the government resists this simple effort. And it can do so, but it does so by creating tension between this court's case law and Supreme Court precedent. And if the government were to lose on this and they think that they're really right, we'd encourage them to go up to the Supreme Court. We don't mind trying to argue the case up there. We just cite to the Supreme Court what it said before in Gall and Rita. And hopefully we would win, but we'll let them or any questions on that subject. I'll move to the second issue. And that is the judge erred by essentially creating departure provisions as if they're controlling authority. And that's a difficulty under this court's Townsend decision when the judge speaks as if he believes that departure provisions exhaust the relevant reasons for a lower sentence. Departures are obsolete is the term. However, they're still informative in the analysis of what a correct sentence should be. And in particular, they address specific circumstances that would all come into play under Rule 3553A1, which requires that you look at a defendant's personal history and characteristics. The judge looked at the departure provisions, and he wedded his analysis so tightly to those departure provisions that he squeezed out, it seems, any ability to then come in and adequately consider the same facts and factors, but in respect to 3553A1. That is the error under Townsend, and we think that it occurred here in this case. As for the third point, the judge used what I have referred to as a divide-and-conquer approach to take care of the various mitigating arguments. And we fashion this argument akin to what a probable cause analysis is. To reach the right result in a probable cause analysis, you have to consider the totality of the circumstances. If you were to divide and conquer and take each bit out and say that, well, it looks like a normal person could have done this, and a reasonable thing would have been for somebody else to do that, you may never wind up with probable cause, which would ultimately be erroneous because the collection of circumstances inform what the outcome should be to make a probable cause determination. Such is the case with all of the factors that go to 3553A1, a person's history and characteristics. You cannot separate out and slice off one fact here and another there, and then get an adequate picture of what a person's history and characteristics are. That's what occurred here. If you look at the transcript pages at 18, 19, all the I'm giving a faithful interpretation. The government takes a different interpretation because it says at various points the judge said, in sum. But if you look exactly at what the judge was referring to for that comment in particular, he's talking about recidivism and rejecting that argument, saying that in sum he doesn't think that there's a poor prospect of recidivism or a great chance that this man is rehabilitated given his criminal past. That's a fair conclusion for the government to reach, but it is not a fair conclusion to say that in sum comment meant to encapsulate all of the 3553A1 factors like the government says. So we have a difference of perspective on that, but your honors are very capable readers and you can go over the transcript and decide who's right on this. We hope that we prevail, obviously, but we leave it to you to review the transcript. So considering each variable that's part of a defendant's history and characteristics, we think is the appropriate way to proceed and to use the divide and conquer approach the judge did. It essentially gave short shrift to the necessity of taking all of the person's human frailties into consideration to correctly calculate the sentence and arrive at a just sentence, which is the ultimate goal for the court. Unless the court has questions, we have nothing further. All right. Ms. Schneider? May it please the court, my name is Maggie Schneider and I represent the United States in this manner. On the first issue, the district court did not procedurally err by not announcing the guidelines range the United States v. Oliver is controlling. It was sufficient that the district court was aware of and understood the guidelines range and the record shows that it did just that. On the second issue, the record clearly shows that the district court considered the Chapter 5 policy statements as helpful guideposts, not as controlling. And on the third issue, what the defendant calls the divide and conquer issue, the district court did not procedurally err when it considered the totality of the circumstances, including each of the defendant's individual arguments, which it considered individually as it was its 3553A analysis to determine the appropriate sentence. Unless there are any further questions, the government respectfully requests that the court affirm the defendant's conviction and sentence in this case. All right. Thank you, Ms. Schneider. Thank you, Your Honors. Mr. Hillis? Nothing for protection. All right. Our thanks to both counsel, Mr. Bindi, thanks to you, and the case is taken under advisement and the court will stay in the recess. Thank you.